UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| EDWARD W MORRISON III and VALERIE PETROFF, Plaintiffs v. COUNTY OF RIVERSIDE, et al., Defendants. | Case No. 5:24-cv-01044-PA (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
|---|---|

Plaintiffs initiated this action by filing a petition that seeks relief from California's statutory requirements for bringing a claim against a government entity. [*See* Docket 1, "Petition for Relief from Provisions of Government Code § 945.4" ("Petition")] These statutory provisions are commonly known as the California Tort Claims Act ("CTCA") – *see* California Government Code § 810 *et seq.* – and establish the procedural framework that must be followed to sue a California government entity for damages. Compliance with these procedural rules, including those requiring the filing of an administrative claim within the applicable statute of limitations (usually six months), is a prerequisite to the filing of a civil action alleging state law claims against public entities. (*See* Cal. Gov. Code, §§ 945.6 and 946.) The CTCA does include provisions that allow a litigant to seek to be

excused for a failure to comply with the timely administrative claim submission prerequisite to filing suit. In particular, a litigant can file an application with the public agency for leave to submit an untimely claim. *See* California Government Code §§ 911.4, 911.6. If that application is denied, the litigant may seek relief by filing a petition in the appropriate court within six months of that denial, asking for permission to file a lawsuit despite noncompliance with the CTCA's statute of limitations. *See* California Government Code § 946.6 ("Section 946.6").

According to the Petition, Defendant Fred Lopez – who is alleged to be the Code Enforcement Manager for the City of Elsinore – caused a vintage travel trailer owned by Plaintiffs and various of their personal belongings to be removed from Plaintiffs' property and thereafter destroyed. These events occurred in November 2022. Plaintiffs submitted a CTCA claim and application for leave to submit a late claim on November 14, 2023, which were denied on November 16, 2023. [*See* Petition at 2-3 and Exs. 1-3.] Plaintiffs do not allege that they then filed a petition in state court pursuant to Section 946.6. Rather, they submitted the instant Petition to this District Court. The Petition invokes Section 946.6 and asks the Court to order that Plaintiffs are: relieved of their noncompliance with California Government Code § 945.4; and permitted to bring a lawsuit in this District Court. [Petition at 5.]

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L.Ed.2d 603 (1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L.Ed.2d 492 (1982); *see also Magana v. Commonwealth of N. Mariana Islands*, 107 F.3d 1436, 1443 (9th Cir. 1997)." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). A federal court may dismiss an action sua sponte for lack of jurisdiction. *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir. 1981). "In contrast to dismissals for failure to state a claim, if the court lacks subject matter jurisdiction, it

is not required to issue a summons or follow the other procedural requirements." *Id.* Therefore, this Court must resolve the critical question of whether it has jurisdiction over the subject matter of the Petition.

Section 946.6(a) provides that:

> If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. *The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates*.

Cal. Gov. Code § 946.6(a) (emphasis added). Plaintiffs chose not to file their Section 946.6 petition in the Superior Court for the County of Riverside and, instead, have pursued Section 946.6 relief in federal court. The question, thus, is whether a Section 946.6 petition for relief may be brought in a federal court. The majority of California District Courts that have considered this question have concluded that it may not, and this Court agrees with them.

As a threshold matter, Section 946.6(a) states clearly that a petition for relief must be brought in a "superior court." It does not say that, alternatively, a petition may be filed in a United States District Court or any other court. The words of the statute itself plainly evidence that a Section 946.6 petition for relief is to be filed in the county of the California Superior Court where the case properly could be tried.

The bulk of the California District Courts that have faced Section 946.6 petition filings have found that they may not be brought in federal court and that federal courts lacked jurisdiction to consider them. For example, in *Brown v. County of San Bernardino*, No. EDCV 20-1116-JGB, 2020 WL 6541999, at *2 (C.D. Cal. Aug. 6, 2020), plaintiff filed a federal complaint and a motion for relief pursuant to Section 946.6. The District Court denied it without prejudice to the plaintiff seeking such relief in the appropriate California Superior Court, stating: "In the absence of Ninth Circuit authority, the Court agrees with previous district court decisions that a Section 946.6 petition is not properly within a federal court's

3

subject matter jurisdiction."  In *Nguyen v. Kaiser Foundation Health Plan, Inc.*, No. SACV 17-0905-PSG (DFM), 2018 WL 6131949, at *6 (C.D. Cal. July 27, 2018), adopted by 2018 WL 6131600 (Sept. 14, 2018), the plaintiff filed a complaint and then a motion for relief under Section 946.6.  The Court dismissed the state law claims given the plaintiff's failure to file a timely CTCA claim, finding that it could not grant her Section 946.6 motion, because "this Court does not have jurisdiction to" decide a Section 946.6 petition given that the "proper court" referred to in Section 946.6 is a state superior court.  In *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1022 (C.D. Cal. 2000), the District Court explained that although it had subject matter jurisdiction to determine if the plaintiff had filed a timely CTCA claim, if the claim was untimely,

> then recourse must be sought under Section 946.6 as discussed.  The question presented by a Section 946.6 petition is whether the claimant should be relieved of her obligations under the CTCA and, because it is a question separate from the merits, it is not properly within a federal court's subject matter jurisdiction.

*Id.* at 1022 (citing *Luers v. Smith*, 941 F. Supp. 105, 107-08 (C.D. Cal.1996), and *Hernandez v. McClanahan*, 996 F. Supp. 975, 978 (N.D. Cal. 1998)).

Numerous other District Court decisions are in accord.  *See, e.g., Zelda B. v. City of Oakland*, No. 21-cv-07078-DMR, 20220 WL 103548, at *3 (N.D. Cal. Jan. 11, 2022) (denying a Section 946.6 petition, stating:  "The statute makes clear that this court lacks the authority to grant the relief sought by Plaintiffs because they must file their section 946.6 petition in a California Superior Court."); *Honeycutt v. Los Angeles*, No. 20-cv-04841-CBM, 2020 WL 7786657, at *6 (C.D. Cal. Nov. 22, 2020) (granting judgment on the pleadings when plaintiffs failed to file a Section 946.6 petition in state court once their application to file a late CTCA claim was denied by the city; and observing that the language of Section 946.6 "clearly indicates that" the proper place to obtain Section 946.6 relief is the state superior court); *A.B. v. County of Kern*, No. 1:20-cv-1337-DAD-JLT, 2020 WL 6565900, at

*3-*5 (E.D. Cal. Nov. 9, 2020), adopted by 2020 WL 7632136 (Dec. 22, 2020) (denying Section 946.6 petition for lack of jurisdiction after finding that "this Court does not have authority to grant the relief requested under Section 946.6," and collecting cases); *Casey v. City of Santa Rosa*, No. 4:15-cv-07731-KAW, 2019 WL 258140, at *4 (N.D. Cal. June 20, 2019) (observing that although a district court may consider the question of whether a plaintiff has complied with the CTCA's claim filing requirements, a district court lacks jurisdiction to decide if relief is appropriate under Section 946.6); *Cherry v. Tyler*, No. 1:18-cv-01268-LJO, 2019 WL 1060045, at *12 (E.D. Cal. Mar. 6, 2019) ("federal courts do not have jurisdiction over § 946.6 petitions"); *Guerrero v. County of Alameda*, No. C 18-02379, 2018 WL 3646818, at *3 (N.D. Cal. Aug. 1, 2018) (agreeing with the "majority" of California District Court decisions that "[f]ederal district courts do not have the authority to grant the relief requested in plaintiff's [Section 946.6] motion, instead plaintiff needs to file the petition in a California Superior Court"); *Garza v. Alvara*, No. 1:15-cv-00234-DAD-SKO, 2016 WL 4921542 (E.D. Cal., July 8, 2016) (concluding that federal courts do not have jurisdiction over Section 946.6 petitions), adopted by 2016 WL 4899676, at *2 (Sept. 14, 2016) ("a petition for relief from the claim presentation requirements of the Government Claims Act must be filed in a proper state court"); *Shapiro v. Anderson*, No. CV 12-6852-JAK (JEM), 2014 WL 12967026, at *11-*12 (C.D. Cal. Feb. 21, 2014), adopted by 2014 WL 12966932 (Feb. 25, 2014) (denying Section 946.6 petition after finding that only state courts, and not federal courts, have jurisdiction to grant Section 946.6 relief); *Ludavico v. Sacramento County*, No. Civ.S-08-1473 FLD/JFM, 2009 WL 616868 at *5 n.8 (E.D. Cal. Mar. 11, 2009) (declining the plaintiffs' request to grant them permission to file a late CTCA claim, because "[t]he power to grant such relief is reserved to the state superior courts pursuant to California Government Code § 946.6").

There are some District Court decisions concluding otherwise, *i.e.,* that

federal courts may consider petitions seeking Section 946.6 relief. *See Rahimi v. National Railroad Passenger Corporation,* No. C 09-4712 ME, 2009 WL 1883756 (N.D. Cal. June 30, 2009); and *Perez v. Escondido,* 165 F. Supp. 2d 1111 (S. D. Cal. 2001). In *Perez,* the District Court considered the pre-2002 version of Section 946.6, which described the "proper court" for a Section 946.6 petition as any "court" that could hear a trial on the claims at hand, as opposed to the amended wording of "superior court." The District Court concluded that this prior language did not expressly foreclose a federal court from hearing a Section 946.6 petition, noting that federal courts can try state law claims pursuant to supplemental jurisdiction, and labeled the statute's language as simply a venue provision. *Id.* 1114-115. The *Rahimi* decision relied on the rationale of *Perez* to find that a Section 946.6 petition could be considered. 2009, WL 1883756, at *3-*4.

      The Court does not find the *Perez* rationale persuasive. While Section 946.6's identification of the "proper court" for a petition to be brought as the "superior court" does not continue with a caveat such as "and not a federal court," the statute's language on its own, read fairly, means what it says, *i.e.,* that the <u>sole</u> "proper court" in which a Section 946.6 petition can be filed is a California Superior Court. Numerous California District Courts have rejected *Perez's* rationale, noting that the case was decided before the 2002 amendment to Section 946.6, which has clarified "proper court" to mean "superior court" rather than simply "a court." In *Hill v. City of Clovis,* No. 1:11-cv-1391-AWI, 2012 WL 787609, at *12 (E.D. Cal. Mar. 9, 2012), the District Court noted that *Perez* had relied on the prior version of Section 946.6 and that *Rahimi* had relied on *Perez*. The District Court found the addition of the words "superior court" in 2002 to be significant and dispositive, reasoning that:

> [S]ince 2002, the language of § 946.6(a) has become more specific. The "proper court" for obtaining relief is no longer "a court," rather it is now "a superior court." See Cal. Gov. Code § 946 .6(a). Section 946.6(a) could have been left unamended with respect to specifically

> identifying the proper court, but it was changed. Since § 946.6(a) was amended to identify a specific court, and that court is the state superior court, this Court will follow the majority position and conclude that only state superior courts have been given the authority to grant relief pursuant to § 946.6(a).

See also, e.g., *Guerrero*, 2018 WL 3646818, at *3 (same); *Nguyen*, 2018 WL 6131949, at *6 (same); *Shapiro*, 2014 WL 12967026, at *12 (same); *Luers*, 941 F. Supp. at 108 (finding that the legislative history of Section 946.6 indicates that the "proper court" language was included to make clear that a petition involving a claim against the State could be filed in any county superior court in California instead of only those in which the Attorney General maintained an office, rather than for the purpose of including federal courts). The Court finds the rationale of these decision persuasive.

Based upon the foregoing, the Court finds that it lacks jurisdiction to consider the Petition and to grant the relief it requests. Accordingly, IT IS ORDERED that: this case is dismissed without prejudice[1]; and Judgment shall be entered accordingly.

DATED: June 13, 2024

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs may pursue their Section 946.6 request for relief in the appropriate state superior court. Dismissal of this action, however, is required, given that there is no federal provision that the Court is aware of that would allow it to remand or transfer the Petition to any state court. *See Zelda B.*, 2022 WL 103546, at *3 (denying plaintiff's request to transfer the Section 946.6 petition to state court, given the failure to identify any federal basis for doing so); *Garza*, 2016 WL 4899676, at *2 (denying request to transfer petition to state court when plaintiff "offers no legal basis for requiring this court to remand that issue to a state court" and Section 946.6 "does not provide a procedure for remand").